**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TECK GENERAL PARTNERSHIP,
Plaintiff-Appellant,

v.

CROWN CENTRAL PETROLEUM
CORPORATION,                                          No. 99-1428
Defendant-Appellee,

and

CROWN STATIONS, INCORPORATED,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-98-966-A)

Submitted: September 8, 1999

Decided: October 25, 1999

Before ERVIN* and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

Teck General Partnership, Appellant Pro Se. Michael Patrick McGovern, KELLEY, DRYE & WARREN, L.L.P., Washington, D.C.; Robert R. Vieth, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Teck General Partnership ("Teck") appeals from the district court's order awarding attorneys' fees and costs to Crown Central Petroleum Corporation ("Crown") pursuant to Crown's motion under the Virginia Oil Spill Act, Va. Code Ann. § 62.1-44.34:18.F (Michie 1998) (the "Act"). Our review of the record and the district court's opinion discloses that this appeal is without merit. We find that the district court properly found Crown to be the prevailing party in this action. We further find that the district court assessed the fees and costs against Teck pursuant to the Act, and not because of Teck's failure to meet court-imposed deadlines, and therefore find that the award against Teck, rather than its attorney, was proper.

Finally, Teck asks this Court to return the case to the district court for trial against all of Crown's entities that are appropriate defendants, and allow the trial to continue without "sanctions." In essence, Teck seeks to appeal from the district court's order of December 18, 1998, dismissing with prejudice the case on Teck's motion. Teck failed to note a timely appeal from this order dismissing the underlying action, thus depriving this Court of jurisdiction to review this claim. See Fed. R. App. P. 4(a)(1); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).

Accordingly, we affirm the district court's order awarding attorneys' fees and costs, and dismiss for lack of jurisdiction the appeal of the dismissal of the underlying action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3